# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHARLES M. HOLLIS, JR., and ) <br> MELANIE HOLLIS, Individually and ) <br> as Next Friends for H.H. and C.A.H., ) <br> two minors, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHESTNUT BEND HOMEOWNERS ) <br> ASSOCIATION and WESTWOOD PROPERTY ) <br> MANAGEMENT, LLC, ) <br> ) <br> Defendants. ) | Case No. 3:12-cv-0137 <br><br> Judge Trauger |

## MEMORANDUM

Pending before the court is a Motion to Alter or Amend a Judgment under F.R.C.P. 59(e) (Docket No. 50) ("Rule 59 Motion") filed by the plaintiffs, Charles M. Hollis Jr. ("CH"), Melanie Hollis ("MH"), H.H., and C.A.H. (together, the "Hollis Family"), to which the defendant, the Chestnut Bend Homeowners Association ("CBHA"), has responded (Docket Nos. 51-52). For the reasons discussed herein, the plaintiffs' motion will be denied.

## BACKGROUND

On September 24, 2013, the court issued an Order in which it granted the defendant's Motion for Summary Judgment and dismissed the plaintiffs' claims. (Docket No. 46.) In a memorandum accompanying the Order, the court provided a thorough overview of the facts of this dispute between a family and their former homeowners association regarding an addition to

1

their house. (Docket No. 45 at 1-21.) The court incorporates its factual findings by reference into this Memorandum and, for the purpose of providing context, will briefly summarize the facts below.

Between 2006 and early 2012, MH and CH owned and lived in a house in the Chestnut Bend planned unit development in Franklin, Tennessee with their five children, including their two minor and disabled children, H.H. and C.A.H., who are also plaintiffs in this case. The CBHA is an organization of homeowners within the Chestnut Bend development. The organization is governed by a board (the "Board") that oversees certain operations in the community and administers the provisions of the Chestnut Bend Declaration of Covenants, Conditions, and Restrictions (the "CCR"). The CCR sets forth guidelines and standards for the community, including procedures to be followed for changes to homes in the development. Section 18 of the CCR prohibits the construction of an exterior addition to Chestnut Bend homes without the approval of the Board and sets forth requirements for an application for permission. (*See* Docket No. 45 at 3.) MH and CH were aware of the conditions of the CCR when they purchased their home in Chestnut Bend. Between 2006 and 2011, the Hollis Family requested and received permission from the Board to add a fence to their property and to install an outdoor playhouse. (Docket No. 45 at 31-32; *see also* Docket No. 39 at 114, Docket No. 40 at 31-33.)

This action arises from the plaintiffs' desire to build a sunroom addition onto their home that would also serve as a play space and therapy room for H.H. and C.A.H.[1] Between March

---

[1] Despite allegations that the plaintiffs submitted multiple applications to the Board, the court concluded in its Memorandum that the Hollis Family submitted only one valid application for reasonable modification to the Board and the ARC. This application was made on December 6,

2011 and December 2011, the Hollis Family corresponded frequently with the Board and its subcommittee, the Architectural Review Committee ("ARC"), regarding the sunroom addition. In December 2011, the plaintiffs submitted a comprehensive application for an addition to the Board and notified the Board that the application was a request for reasonable modification under the federal Fair Housing Act, 42 U.S.C. § 3601, *et seq*. ("FHA"). The Board denied the Hollis Family's application for reasons related to the aesthetic design of the addition, the materials to be used, and the design's potential impact on the value and architectural standards of neighboring homes. The plaintiffs filed this lawsuit on February 2, 2012, asserting claims under the FHA. (Docket No. 1.) The defendant moved for summary judgment on June 26, 2013. (Docket No. 22.)

## **STANDARD**

Under Rule 59, a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *see also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). However, a motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music*, 477 F.3d at 395; *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.").

## **ANALYSIS**

2011, by the Hollis Family's attorney, Tracey McCartney. (*See* Docket No. 45 at 1-21, 25.) The plaintiffs do not contest this factual finding in their Rule 59 Motion.

3

The plaintiffs argue that the court should vacate and reverse its judgment because its conclusions were premised on two clear errors of law.

## I. The Appropriate Burden-Shifting Analysis

The bulk of the plaintiffs' Rule 59 Motion is dedicated to their contention that the court applied an erroneous analysis to their reasonable modification claim. Specifically, the plaintiffs assert that the court erred by applying the burden-shifting analysis set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). They argue that, instead, the court should have applied a modified analysis propounded by the Eighth Circuit. They further contend that, after the court determined that the Hollis Family had demonstrated a *prima facie* case for a failure to grant reasonable modification, it should have denied the CBHA's summary judgment motion.

As a general matter, the plaintiffs' argument as to the appropriate analysis to be used by the court is newly raised in their Rule 59 Motion and is therefore improper. *See Roger Miller Music*, 477 F.3d at 395. Despite being on notice that the Sixth Circuit had applied the *McDonnell Douglas* paradigm to claims under the FHA, the plaintiffs did not advocate that the court apply a different analysis at the summary judgment stage. In fact, neither the plaintiffs nor the defendant addressed the issue of the appropriate analysis to be applied to the plaintiffs' claims in their summary judgment briefs. Accordingly, the court reviewed Sixth Circuit precedent—including an affirmance issued by the Sixth Circuit earlier this year—and determined that the appropriate analysis for the plaintiffs' reasonable modification claim upon a motion for summary judgment is the *McDonnell Douglas* standard. (*See* Docket No. 45 at 24-31 (discussing, *inter alia*, *Choices in Cmty. Living, Inc. v. Petkus*, No. 3:11-cv-0019, 2012 WL

1122368 (S.D. Ohio Apr. 3, 2012), *aff'd*, No. 12-3523, 517 Fed. App'x 501, 505 (6th Cir. 2013).)

In their Rule 59 Motion, the plaintiffs contend that the court committed clear error because it should have employed a "modified burden-shifting analysis" set forth by the Eighth Circuit in an employment action. *See Peebles v. Potter*, 354 F.3d 761, 765 (8th Cir. 2004). In *Peebles*, the Eighth Circuit evaluated Rehabilitation Act claims filed by a postal service worker against the U.S. Postal Service, his former employer, for failure to make a reasonable accommodation and for retaliation. The plaintiff, Peebles, appealed to the Eighth Circuit after a district court granted summary judgment to the Postal Service. The Postal Service based its arguments on appeal on the *McDonnell Douglas* standard, which the Eighth Circuit rejected as to the reasonable accommodation claim. The Eighth Circuit advanced a "modified burden-shifting analysis," which requires that a plaintiff-employee make a *prima facie* showing that the accommodation requested is "reasonable on its face, *i.e.*, ordinarily or in the run of cases."[2] *Id.* (explaining that a plaintiff must demonstrate that an accommodation is necessary and related to the limitation faced by the handicapped person by showing a causal connection between the major life activity that is limited and the accommodation sought). If the employee makes such a showing, the burden shifts to the employer to "show special (typically case-specific) circumstances that demonstrate undue hardship in the particular circumstances." *Id.* at 768. If the employer succeeds in demonstrating a hardship, the employee must set forth evidence of

---

[2] The *Peebles* standard for a *prima facie* case differs significantly from the HUD administrative law judge's standard advanced by the Hollis Family in their response to the defendant's summary judgment motion. (Docket No. 30 at 5.)

5

"special circumstances that make reasonable an exception to the defendant's rule" in order to defeat an employer's motion for summary judgment. *Id.* at 768 (citing *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 402 (2002)).

The plaintiffs have failed to submit a single Sixth Circuit case adopting—or even contemplating—the *Peebles* analysis for claims related to requests for reasonable modification or reasonable accommodation under the FHA or any other federal statute.[3] The plaintiffs have similarly neglected to distinguish the Sixth Circuit cases cited in the court's Memorandum that affirmed the use of the *McDonnell Douglas* analysis in the assessment of claims under Section 3604 of the FHA.[4] Tellingly, the plaintiffs overlook the Sixth Circuit's recent affirmance of an Ohio district court's dismissal of an FHA reasonable accommodation claim after applying the *McDonnell Douglas* analysis. On March 21, 2013, the Sixth Circuit issued an opinion reviewing

---

[3] The plaintiffs also admit that the cases they cite deal exclusively with failures to grant reasonable accommodation in the employment context. (Docket No. 50, Ex. 1 at 4.) Their request that the court analogize their claims to the reasonable accommodation claims discussed by the Eighth Circuit and its district courts constitutes a sharp departure from their previous position that the court should distinguish their claims as "reasonable modification claims." (*Compare* Docket No. 50, Ex. 1 at 3 n.2 *with* Docket No. 30 at 19 (discussing the Joint Statement and urging the court to apply a different *prima facie* test to the plaintiffs' reasonable modification claims than a settled standard for reasonable accommodation claims).) The plaintiffs' inconsistent categorization of their claims further demonstrates the inappropriateness of their argument in a Rule 59 motion.

[4] As the plaintiffs note, the two Sixth Circuit cases cited in the court's Memorandum include disparate impact claims under the FHA. (Docket No. 50, Ex. 1 at 2.) However, contrary to the plaintiffs' assertions, these cases do not limit the application of the *McDonnell Douglas* standard only to disparate impact claims. *See Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009); *Mencer v. Princeton Sq. Apartments*, 228 F.3d 631 (6th Cir. 2000); s*ee also Choices in Cmty. Living*, 2012 WL 1122368, at \*6-8, *aff'd*, 517 Fed. App'x at 505.

*de novo* the district court's decision. Upon appeal, the Sixth Circuit *also* applied the *McDonnell Douglas* paradigm to the plaintiff's claim under Section 3604(f) of the FHA and affirmed the grant of summary judgment to the defendant. *See Choices in Cmty. Living*, 2012 WL 1122368, at *6-8 (analyzing non-profit organization's suit against realtors on behalf of developmentally disabled men for discriminatory housing practices, including a failure to reasonably accommodate pursuant to Section 3604(f)(3), using the *McDonnell Douglas* analysis), *aff'd*, 517 Fed. App'x at 505. The plaintiffs also neglect to distinguish other recent cases within the Sixth Circuit that applied the *McDonnell Douglas* analysis to reasonable modification claims. *See, e.g.*, *Ward v. Dickens*, No. 11-cv-362, 2012 WL 1038184, at *3 (W.D. Ky. Mar. 27, 2012) (utilizing the *McDonnell Douglas* analysis to assess disabled tenant's claim for failure to grant reasonable modification when the defendants, his landlord and its employees, refused his request to build a ramp at his own expense).

In the beginning of its analysis, the district court in *Choices in Cmty. Living* explained, "Plaintiffs have presented no direct evidence that Defendants refused to show the property or rent the house because the prospective tenants were developmentally disabled. Therefore, Plaintiffs' FHA claims are analyzed using the burden-shifting paradigm set forth in *McDonnell Douglas Corp. v. Green*." 2012 WL 1122368, at *6. The circumstances here are the same. The plaintiffs presented no direct evidence that the CBHA denied their application for a sunroom addition because H.H. and C.A.H. are handicapped. Accordingly, the court followed Sixth Circuit precedent and analyzed the Hollis Family's claims using the *McDonnell Douglas* burden-shifting analysis. (Docket No. 45 at 26-32). The plaintiffs failed to submit a single piece of evidence to create a genuine issue of material fact as to pretext, and therefore, the court properly

7

granted summary judgment to the defendant. (*Id.*) The plaintiffs' new argument as to the appropriate burden-shifting analysis to be applied lacks any basis in binding authority and therefore is insufficient to support a finding of clear error.

## II. Standing of MH and CH

The Hollis Family asserts that the court committed clear error by dismissing MH's and CH's individual claims under the FHA. This issue is moot, given that the court properly granted summary judgment to the defendant because the plaintiffs failed to demonstrate pretext. Nevertheless, even if the court were to consider the issue of standing, the plaintiffs have not demonstrated that the court committed a clear error of law by dismissing MH's and CH's individual claims as "aggrieved persons" under the FHA. They cite to no binding authority that stands for the proposition that MH and CH are entitled to recover under the FHA as individuals in addition to their recovery as next friends of their disabled children. Consequently, the plaintiffs fail to demonstrate a clear error of law as to the issue of standing.

For these reasons, the court finds that it did not commit a clear error of law in granting summary judgment to the defendant.

## CONCLUSION

For the reasons discussed herein, the Plaintiffs' Motion to Alter or Amend a Judgment will be **DENIED**.

An appropriate order will enter.

ALETA A. TRAUGER  
United States District Judge